# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART GERARDO, | Case No. 1:15-cv-01501 DLB (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| STAINER, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Art Gerardo ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 2, 2015. He filed a First Amended Complaint as a matter of right on December 24, 2015. Plaintiff names approximately thirty Defendants.[1]

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on October 19, 2015.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.   FACTUAL ALLEGATIONS[2]**

Plaintiff appears to allege that he has been illegally retained in the Security Housing Unit ("SHU") since April 24, 2009. He suggests that was erroneously re-validated on February 11, 2015, as a prison gang member based on false evidence.

Plaintiff alleges violations of the First, Fifth, Eighth and Fourteenth Amendments.

///

---

[2] Plaintiff's First Amended Complaint is very similar to the First Amended Complaint in Gallegos v. Stainer, 1:15-cv-01397 DLB.

2

**C.     DISCUSSION**

     1.     Rule 8 and Linkage

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

Moreover, under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of respondeat superior, and some causal connection between the conduct of each named defendant and the violation at issue must exist. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Plaintiff's First Amended Complaint contains little factual information. While he complains of an illegal gang re-validation and retention in the SHU, he recites only legal conclusions. Without supporting facts, the Court cannot property analyze his complaint to determine if it states a claim for relief. Plaintiff attaches over 240 pages of exhibits, but the Court will not sort through his exhibits in an attempt to piece together the factual events.

///

1  Plaintiff also names approximately thirty Defendants.  For each Defendant, he gives a
2  "value rating" based on his perception of the depth of their involvement in the events at issue.  He
3  does not, however, link any Defendant with any factual allegations.
4  Plaintiff must therefore amend his complaint to provide facts to support his legal theories.
5  Plaintiff need not go into great factual detail, but he must supply sufficient facts to allow the Court
6  to screen his complaint, and to allow Defendants to understand the claims against them.
7  The Court provides the following standards for Plaintiff's information, should he chose to
8  amend his complaint.
9       2.     Rule 18
10  Plaintiff may not proceed in this action on a myriad of unrelated claims against different
11  Defendants.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim
12  to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as
13  independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has
14  against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A
15  against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated
16  claims against different defendants belong in different suits, not only to prevent the sort of morass
17  [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the
18  required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits
19  or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. §
20  1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).
21       3.     Other Judicial Proceedings
22  Plaintiff's attacks on proceedings in other courts, such as those relating to denials of
23  various motions, are not proper in this section 1983 action.  Such claims must be brought within
24  the action where the motions were brought.
25  ///
26  ///
27  ///
28  ///

4

4.     First Amendment

Plaintiff cites his First Amendment rights to freedom of religion, speech, and association.

*Freedom of Speech and Association*

The First Amendment prohibits government officials from "abridging the freedom of speech ... or the right of the people peaceably to assemble." Prisoners retain those First Amendment rights not inconsistent with their status as prisoners or with legitimate penological objectives of the corrections system. See Pell v. Procunier, 417 U.S. 817, 822 (1974). Although a prisoner does not lose all First Amendment protections when he enters prison, id., the "inmate's 'status as a prisoner' and the operational realities of a prison dictate restrictions on the associational rights among inmates." Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 125-26 (1977).

Prison regulations that infringe on a prisoner's First Amendment rights are valid so long as they are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). A prison regulation that impinges on a prisoner's First Amendment right to free speech is valid only if it meets the Turner test. Shaw v. Murphy, 532 U.S. 223, 229 (2001). In addition, although the Supreme Court has held that the First Amendment right to freedom of association is among the rights least compatible with incarceration, Overton v. Bazzetta, 539 U.S. 126, 131 (2003), it has not determined the scope of associational rights that prisoners might retain, id. at 132.

*Freedom of Religion*

"[P]risoners retain the protections of the First Amendment" but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with incarceration." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400 (1997)). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, but an impingement on an inmate's constitutional rights will be upheld "'if it is reasonably related to legitimate penological

5

interests.'" Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987)).

### 5. Fifth Amendment

"[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Therefore, to the extent that Plaintiff cites the Fifth Amendment in relation to his due process claims, he cannot state a claim.

Plaintiff should not include a Fifth Amendment claim in his amended complaint.

### 6. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

However, it is well established that the Eighth Amendment's prohibition against cruel and unusual punishment is not violated by classification programs which pursue "important and laudable goals" and are instituted under the state's authority to operate correctional facilities. See Neal v. Shimoda, 131 F.3d 818, 833 (9th Cir.1997) (classification program designed to treat and reduce recidivism of sex offenders is well within state's authority to operate correctional facilities and does not violate contemporary standards of decency). Nor does misclassification inflict pain so as to be cruel and unusual punishment, in violation of the Eighth Amendment. See Hoptowit v. Ray, 682 F.2d 1237, 1255-56 (9th Cir.1982); Ramos v. Lamm, 639 F.2d 559, 566-67 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981).

Therefore, Plaintiff may not state an Eighth Amendment claim related to his alleged erroneous classification as a gang associate and placement in the SHU, and he should not include such claims in his amended complaint.

7. Fourteenth Amendment

*Due Process*

The assignment of validated gang members and associates to the SHU is an administrative measure rather than a disciplinary measure, and is "essentially a matter of administrative discretion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)).  As a result, prisoners are entitled to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review.  Bruce, 351 F.3d at 1287 (citing Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293 (1995)).  In addition to these minimal protections, there must be "some evidence" bearing "some indicia of reliability" supporting the decision.  Castro v. Terhune, 712 F.3d 1304, 1314 (9th Cir. 2013) (citing Superintendent v. Hill, 472 U.S. 445, 456, 105 S.Ct. 2768 (1985) and Bruce, 351 F.3d at 1287) (internal quotation marks omitted).

*Discrimination*

Plaintiff refers to discrimination on the basis of his disability and ethnicity.

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  To state a claim, Plaintiff must show that Defendants intentionally discriminated against him **because of** his membership in a protected class.  Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

///

///

**D.      CONCLUSION**

Plaintiff's First Amended Complaint does not state any cognizable claims against any Defendants.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is DISMISSED WITH LEAVE TO AMEND;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order;

///

///

8

    4.    <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated: __February 26, 2016__                 /s/ *Dennis L. Beck*
                                                                         UNITED STATES MAGISTRATE JUDGE