1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ART GERARDO,

        Plaintiff,

    v.

MICHAEL STAINER, et al.,

        Defendants.

**CASE No. 1:15-cv-01501-MJS (PC)**

**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**

**(ECF No. 18)**

**DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g)**

**CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE**

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

       Plaintiff filed a first amended complaint before his initial complaint was screened. The Court dismissed the first complaint for failure to state a claim, but gave leave to amend. (ECF No. 14.) Plaintiff's second amended complaint is before the Court for screening.

1    **I.      Screening Requirement**

2          The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

4    § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

5    raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

6    relief may be granted, or that seek monetary relief from a defendant who is immune from

7    such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

8    thereof, that may have been paid, the court shall dismiss the case at any time if the court

9    determines that . . . the action or appeal . . . fails to state a claim upon which relief may

10   be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

11   **II.     Pleading Standard**

12         Section 1983 "provides a cause of action for the deprivation of any rights,

13   privileges, or immunities secured by the Constitution and laws of the United States."

14   Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

15   Section 1983 is not itself a source of substantive rights, but merely provides a method for

16   vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

17   (1989).

18         To state a claim under § 1983, a plaintiff must allege two essential elements:

19   (1) that a right secured by the Constitution or laws of the United States was violated and

20   (2) that the alleged violation was committed by a person acting under the color of state

21   law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d

22   1243, 1245 (9th Cir. 1987).

23         A complaint must contain "a short and plain statement of the claim showing that

24   the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

25   are not required, but "[t]hreadbare recitals of the elements of a cause of action,

26   supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

27   662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

28   Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

                                              2

1  that is plausible on its face." Id. Facial plausibility demands more than the mere

2  possibility that a defendant committed misconduct and, while factual allegations are

3  accepted as true, legal conclusions are not. Id. at 677-78.

4  **III.    Plaintiff's Allegations**

5          Plaintiff is incarcerated at the R.J. Donovan Correctional Facility but complains of

6  acts that occurred at California State Prison – Corcoran. He names approximately fifty

7  five defendants. The defendants include supervisors (such as various wardens and the

8  Secretary of the CDCR), IGI Unit officials, and various correctional personnel who

9  reviewed Plaintiff's appeals.

10         Plaintiff's complaint is nearly incomprehensible (e.g., "He proceeded to further the

11 process per the advice of his superior 'I.G.I. Lt. Pina' to retrieve 2-11-15 (CDC 1030) and

12 illegally make (3 CDC 1030s) out of initial 2-11-15 manipulated initial 2-11-15 CDC 1030

13 into making 3 out of that one."). The pages are presented out of order. There are nearly

14 two hundred pages of exhibits. The Court has nevertheless made a sincere effort to

15 understand Plaintiff's allegations and the issues he attempts to raise, but will not dig

16 through Plaintiff's exhibits in an attempt to discern what claims he wishes to pursue and

17 against whom he wishes to pursue them. Subject to the foregoing, it appears Plaintiff's

18 complaint may fairly be summarized essentially as follows:

19         Plaintiff alleges that he has been retained in the Security Housing Unit ("SHU")

20 since April 24, 2009 based on false evidence of his association with the Mexican Mafia.

21 He alleges that he was erroneously re-validated as a Mexican Mafia associate on

22 February 11, 2015 based on false evidence.

23         Plaintiff claims violations of his First, Fifth, and Fourteenth Amendment rights, his

24 rights under article I, section 7 of the California Constitution, and his rights under the

25 Americans with Disabilities Act. He seeks declaratory and injunctive relief, as well as

26 money damages. He also requests an evidentiary hearing and the appointment of

27 counsel.

28

1    **IV.    Analysis**

2         **A.    False Evidence**

3         Plaintiff alleges that numerous defendants wrote false reports containing false

4    allegations that were used to re-validate Plaintiff as a gang member. This allegation

5    does not state a constitutional claim.

6         The creation of false evidence, standing alone, is not actionable under § 1983

7    because falsely accusing an inmate of misconduct does not violate a right secured by

8    the Constitution or laws of the United States. See Hernandez v. Johnston, 833 F.2d

9    1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been

10   recognized); Solomon v. Meyer, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2

11   (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from

12   false disciplinary charges."); Johnson v. Felker, No. 1:12-cv-02719 GEB KJN (PC), 2013

13   WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally

14   guaranteed right to be free from false accusations of misconduct, so the mere

15   falsification of a report does not give rise to a claim under section 1983.") (citing Sprouse

16   v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949,

17   951-53 (2d. Cir. 1986)). Instead, "Plaintiff's protection from the arbitrary action of prison

18   officials lies in the procedural due process requirements as set forth in Wolff v.

19   McDonnell." E.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D.

20   Cal. Sept. 18, 2014) (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984));

21   Toscano v. Lewis, No. C-12-5893 EMC PR, 2013 WL 1632691, at *6 (N.D. Cal. Apr. 16,

22   2013) (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989); Freeman, 808 F.2d

23   at 951; and Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir.1984)). These

24   requirements are discussed further below.

25        Plaintiff's allegations that certain defendants wrote false reports and falsified

26   evidence his against him do not state a constitutional claim. This claim will be dismissed.

27   As this allegation is not capable of being cured through amendment, further leave to

28   amend will be denied.

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.      Procedural Due Process**

Plaintiff alleges violations of his Fifth and Fourteenth Amendment Due Process rights in his gang validation process.

### 1.      Fifth Amendment

As Plaintiff already was advised, the Fifth Amendment's due process clause applies only to the federal government. Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Therefore, to the extent that Plaintiff cites the Fifth Amendment in relation to his due process claims, he cannot state a claim. This defect is not capable of being cured through amendment.

### 2.      Fourteenth Amendment

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation. See id. at 466-68. Liberty interests created by state law are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Assignment of validated gang members and associates to the SHU is an administrative measure rather than a disciplinary measure and is "essentially a matter of administrative discretion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)). To satisfy due process, the administrative segregation process must meet only minimal due process requirements: an informal non-adversary hearing within a reasonable time after being segregated, notice of the charges or the reasons segregation is being considered, and an opportunity

1  for the inmate to present his views. <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1100 (9th

2  Cir.1986), <u>overruled on other grounds by</u> <u>Sandin v. Connor</u>, 515 U.S. 472, 481 (1995).

3          The administrative determination also must meet the "some evidence" standard of

4  <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985). <u>Bruce</u>, 351 F.3d at 1287-88. Because

5  the standard for "some evidence" is not high, a court need only decide whether there is

6  any evidence at all that could support the prison officials' administrative decisions. <u>Id.</u> at

7  1287-88. A reviewing court does not "examine the entire record, independently assess

8  witness credibility, or reweigh the evidence." <u>Id.</u> at 1287. However, the evidence

9  supporting the administrative determination must bear "some indicia of reliability." <u>Cato</u>

10 <u>v. Rushen</u>, 824 F.2d 703, 705 (9th Cir. 1987) (citations omitted). California regulations

11 regarding the quantity or qualify of evidence required to support gang validation do not

12 dictate the outcome of the federal due process analysis. A single piece of evidence that

13 has sufficient indicia of reliability can be sufficient to meet the "some evidence" standard.

14 <u>Bruce</u>, 351 F.3d at 1288.

15          As an initial matter, it is unclear from the complaint the role that each defendant

16 played in Plaintiff's gang validation process. Plaintiff alleges that certain defendants

17 "participated in," "assisted," "conspired" in, or "orchestrated" the process, but provides no

18 further detail. Plaintiff already has been advised that he is required to provide more than

19 threadbare allegations to link each defendant to a constitutional claim. <u>Iqbal</u>, 556 U.S. at

20 676-78. He has not done so. This alone is sufficient basis for dismissal of Plaintiff's

21 claims.

22          Moreover, Plaintiff's primary argument is that the evidence in support of his

23 validation did not comport with California regulations. As stated, however, California

24 regulations do not dictate the outcome of the federal due process analysis. Nor do the

25 Title 15 regulations governing the conduct of prison officials entitle an inmate to sue

26 civilly for their violation. <u>See e.g.</u>, <u>Vasquez v. Tate</u>, No. 1:10-cv-1876-JLT (PC), 2012 WL

27 6738167, at *9 (E.D. Cal. Dec. 28, 2012); <u>Davis v. Powell</u>, 901 F. Supp. 2d 1196, 1211

28

1    (S.D. Cal. 2012). Accordingly, Plaintiff's allegation that regulations were not followed,

2    standing alone, fails to state a claim.

3         Plaintiff does not assert that he was given inadequate notice of the evidence

4    supporting his gang validation or that he lacked an opportunity to be heard regarding the

5    validation decision. Thus, the only question before the Court is whether there was "some

6    evidence" bearing some indicia of reliability upon which to base the decision. Clearly

7    there was some evidence supporting the decision and Plaintiff does not argue otherwise.

8    Instead, he argues only that the evidence was false.

9         Again, it is not the province of this Court to assess the credibility of the evidence

10   against Plaintiff. Bruce, 351 F.3d at 1287. Based upon Plaintiff's complaint and the

11   supporting documentation included therewith, Plaintiff cannot state a cognizable Due

12   Process claim on this basis. Further leave to amend would be futile and will be denied.

13        **C.    First Amendment**

14        Plaintiff states his desire to bring a First Amendment claim, but the Court is

15   unable to discern any basis for such a claim. Plaintiff previously was advised of the legal

16   standards applicable to First Amendment claims, but has failed to provide any facts to

17   support such a claim. This claim will be dismissed without further leave to amend.

18        **D.    Equal Protection**

19        Plaintiff alleges he was discriminated against and "racially profiled" for gang

20   validation because he is Hispanic and from Southern California.

21        The Equal Protection Clause requires that persons who are similarly situated be

22   treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439

23   (1985). An equal protection claim may be established by showing that the defendant

24   intentionally discriminated against the plaintiff based on the plaintiff's membership in a

25   protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of

26   Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were

27   intentionally treated differently without a rational relationship to a legitimate state

28   purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y

1  Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of
2  Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

3       Plaintiff provides no facts to support his claim that he was discriminated against
4  on the basis of race. This allegation appears to be based entirely on speculation. Such
5  speculation is insufficient to plead a cognizable claim. This claim will be dismissed.

6       **E.     Cruel and Unusual Punishment**

7       Plaintiff alleges that his continued confinement in segregation constitutes cruel
8  and unusual punishment.

9       The Cruel and Unusual Punishments Clause of the Eighth Amendment protects
10 prisoners from inhumane conditions of confinement. Farmer v. Brennan, 511 U.S. 825,
11 832 (1994). A conditions of confinement claim has both an objective and a subjective
12 component. See Farmer, 511 U.S. at 834. "First, the deprivation alleged must be . . .
13 sufficiently serious," and must "result in the denial of the minimal civilized measure of
14 life's necessities." Id.  "[E]xtreme deprivations are required to make out a conditions-of-
15 confinement claim." Hudson, 503 U.S. at 9. Second, the prison official must have acted
16 with "deliberate indifference" to a substantial risk of serious harm to the inmate. Farmer,
17 511 U.S. at 834. "Mere negligence is not sufficient to establish liability." Frost v. Agnos,
18 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must set forth facts to show that a
19 defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511
20 U.S. at 837. That is, "the official must both be aware of facts from which the inference
21 could be drawn that a substantial risk of serious harm exists, and he must also draw the
22 inference." Id.

23       Plaintiff does not allege any facts to suggest that any defendants knowingly
24 disregarded a serious risk of harm to Plaintiff caused by his validation. Accordingly,
25 Plaintiff's allegations fail to state a cognizable Eighth Amendment claim. This claim will
26 be dismissed.

27

28

### F.    Processing of Appeals

Plaintiff alleges that some defendants did not timely process his administrative appeals, did not understand his grievances, and did not properly address his appeal issues.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, Plaintiff has no stand-alone due process rights related to the administrative grievance process.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly process a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

The denial of a prisoner's administrative appeal generally does not cause or contribute to the underlying violation.  George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted).  However, prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). Thus, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. Those circumstances are not presented here, particularly where Plaintiff alleges that defendants involved in the review of his appeals did not appreciate or understand his concerns.

### G.    Statute of Limitations

Some of Plaintiff's allegations appear to challenge his 2009 validation as a gang associate. These allegations appear to fall outside of the statute of limitations.

9

1    No statute of limitations is set out in 42 U.S.C Section 1983. This Court applies

2    California's two year statute of limitations to such claims that arise in this state. Cal.

3    Code Civ. Proc. § 335.1; Jones v. Blanas, 393 F.3d 918, 927 (9th Cir 2004); Canatella

4    v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007); Maldonado v Harris, 370 F.3d

5    945, 954 (9th Cir. 2004). Under federal law, a civil rights claim like this accrues when

6    plaintiff knows or has reason to know of the injury giving rise to the claim.  Olsen v.

7    Idaho State Bd. Of Med., 363 F.3d 916, 926 (9th Cir. 2004); Lukovsky v. City of San

8    Francisco, 535 F.3d 1044, 1050-51.

9    However, state law may toll the running of the statute of limitations on cases

10   arising in that state and filed in Federal court. Hardin v. Straub, 490 U.S. 536, 543

11   (1989). Federal courts apply a forum state's law regarding tolling when not inconsistent

12   with federal law. Id. at 537-39.

13   California Code of Civil Procedure Section 352.1 tolls the running of California's

14   statute of limitations for two years while the Plaintiff is imprisoned for a term less than

15   life in prison. However, even with such tolling, Plaintiff's statute of limitations would run

16   for a maximum of four years. Plaintiff's complaint, filed in 2015 and alleging violations

17   that occurred in 2009, was filed outside the statute of limitations.

18   **H.    Americans with Disabilities Act**

19   Plaintiff appears to contend that defendants violated the Americans with

20   Disabilities Act because Plaintiff is in a wheelchair, poses no threat to anyone, and

21   nevertheless has been validated a gang member and retained in the SHU. These facts

22   do not state a claim under the ADA.

23   Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101,

24   et seq., provides that "no qualified individual with a disability shall, by reason of such

25   disability, be excluded from participation in or be denied the benefits of the services,

26   programs, or activities of a public entity, or be subjected to discrimination by any such

27   entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, the plaintiff must

28   allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is

1   otherwise qualified to participate in or receive the benefit of some public entity's services,

2   programs, or activities; (3) the plaintiff was either excluded from participation in or denied

3   the benefits of the public entity's services, programs or activities, or was otherwise

4   discriminated against by the public entity; and (4) such exclusion, denial of benefits, or

5   discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d

6   890, 895 (9th Cir. 2002).

7         Although § 12132 does not expressly provide for reasonable accommodations,

8   the implementing regulations provide that "[a] public entity shall make reasonable

9   modifications in policies, practices, or procedures when the modifications are necessary

10  to avoid discrimination on the basis of disability, unless the public entity can demonstrate

11  that making the modifications would fundamentally alter the nature of the service,

12  program, or activity." 28 C.F.R. § 35.130(b)(7). The duty to provide "reasonable

13  accommodations" or "reasonable modifications" for disabled people under Title II of the

14  ADA arises only when a policy, practice or procedure discriminates on the basis of

15  disability. Weinreich v. Los Angeles Cnty. MTA, 114 F.3d 976, 979 (9th Cir.1997).

16        Plaintiff alleges that he has a disability. However, Plaintiff's complaint contains no

17  other allegations that would support an ADA claim. He does not allege that he was

18  excluded from participation in or denied the benefits of any services, programs, or

19  activities due to his disability. Nor does he allege he was denied reasonable

20  accommodations or modifications in relation to a discriminatory policy, practice, or

21  procedure. Plaintiff has failed to state a cognizable ADA claim.

22      **I.    Conspiracy**

23        Plaintiff claims that Defendants conspired to re-validate him as a gang member.

24        To state a claim for conspiracy under section 1983, Plaintiff must show the

25  existence of an agreement or a meeting of the minds to violate his constitutional rights,

26  and an actual deprivation of those constitutional rights.  Avalos v. Baca, 596 F.3d 583,

27  592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). Although

28  accepted as true, the factual allegations of the complaint must be sufficient to raise a

1   right to relief above the speculative level. <u>Twombly</u>, 550 U.S. at 555. A plaintiff must set

2   forth "the grounds of his entitlement to relief," which "requires more than labels and

3   conclusions, and a formulaic recitation of the elements of a cause of action . . . ." <u>Id.</u> As

4   such, a bare allegation that defendants conspired to violate plaintiff's constitutional rights

5   will not suffice to give rise to a conspiracy claim under section 1983.

6       Plaintiff has not alleged sufficient facts show an actual deprivation of his

7   constitutional rights. Moreover, his claims of conspiracy appear to be purely speculative

8   and he presents no facts to show a meeting of the minds. Accordingly, his conspiracy

9   claim is not cognizable.

10      **J.    Linkage**

11      Under § 1983, Plaintiff must demonstrate that each named defendant personally

12   participated in the deprivation of his rights. <u>Iqbal</u>, 556 U.S. 662, 676-77 (2009); <u>Simmons</u>

13   <u>v. Navajo Cnty., Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>,

14   588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir.

15   2002). Liability may not be imposed on supervisory personnel under the theory of

16   respondeat superior, as each defendant is only liable for his or her own misconduct.

17   <u>Iqbal</u>, 556 U.S. at 676-77; <u>Ewing</u>, 588 F.3d at 1235. Supervisors may only be held liable

18   if they "participated in or directed the violations, or knew of the violations and failed to act

19   to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>accord Starr v.</u>

20   <u>Baca</u>, 652 F.3d 1202, 1205-08 (9th Cir. 2011); <u>Corales v. Bennett</u>, 567 F.3d 554, 570

21   (9th Cir. 2009); <u>Preschooler II v. Clark Cnty. Sch. Bd. of Trs.</u>, 479 F.3d 1175, 1182 (9th

22   Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204 (9th Cir. 1997).

23      Plaintiff previously was advised of this legal standard. His complaint nevertheless

24   suffers from several defects in this regard. As stated above, his allegations regarding the

25   conduct of all of the defendants are conclusory and do not identify the particular role

26   each defendant played in allegedly violating Plaintiff's rights.

27      Moreover, with respect to Warden Stainer, Plaintiff alleges that, <u>if</u> Stainer had

28   seen Plaintiff's validation package, he <u>would have</u> realized it contained fabricated

1   information. This allegation does not reflect that Stainer knew of a violation but failed to
2   act.

3       Finally, Plaintiff alleges that several CDCR defendants were involved in creating
4   or enforcing an unconstitutional policy or practice. He does not identify the policy or
5   practice at issue, how Plaintiff was affected thereby, or how any of these individuals
6   participated in a violation Plaintiff's rights or otherwise knew of a violation but failed to
7   act. These allegations fail to state a claim.

8       **K.     California Law**

9       Plaintiff states he wishes to bring a claim under the California Constitution. He
10  also alleges false imprisonment, which arises under state law.

11      The Court may exercise supplemental jurisdiction over state law claims in any civil
12  action in which it has original jurisdiction, if the state law claims form part of the same
13  case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise
14  supplemental jurisdiction over a claim under subsection (a) if . . . the district court has
15  dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The
16  Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . .
17  the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383
18  U.S. 715, 726 (1966).

19      Because Plaintiff has not alleged any cognizable federal claims, the Court will not
20  exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(a);
21  Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

22      **L.     Castillo v. Alameida Settlement Agreement**

23      Plaintiff claims that his gang validation violated the provision of the settlement
24  agreement in Castillo. The Court takes judicial notice of the settlement agreement. The
25  agreement called for the California Department of Corrections and Rehabilitation to
26  make changes to policies and procedures used to validate inmates as gang members or
27  associates. It did not vest any rights in Plaintiff, who apparently was not a party to that
28  action. Finally, even if Plaintiff was a party to Castillo, a settlement agreement does not

13

provide a right secured by the Constitution or laws of the United States, and thus does not provide a basis for a section 1983 claim.

Leave to amend this claim would be futile and will be denied.

### M.    Other Proceedings

To the extent Plaintiff wishes to attack proceedings in other courts, such as those relating to his petitions for a writ of habeas corpus, such challenges are not proper in this section 1983 action. Such claims must be brought within the actions being disputed.

Plaintiff's request for an evidentiary hearing appears to be a similarly misplaced request relating to his habeas petitions and will not be addressed here.

## V.    Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits given that he has failed to state a cognizable claim. Moreover, based on a

14

review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  Id.

For the foregoing reasons, plaintiff's motion for the appointment of counsel will be denied.

**VI.     Conclusion and Order**

Plaintiff's second amended complaint fails to state a cognizable claim. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and will be denied.

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's request for the appointment of counsel is DENIED;

2.     The action is DISMISSED with prejudice for failure to state a claim;

3.     Dismissal counts as a strike pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g); and

4.     The Clerk of the Court shall terminate all pending motions and close the case.

IT IS SO ORDERED.

Dated:   November 16, 2016          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE